IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00301-MR

| ZACHARY BUMGARDNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| NELSON SCOTT RICH, et al., | ) | **ORDER** |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding *in forma pauperis*. [Doc. 12].

I. **BACKGROUND**

The *pro se* Plaintiff filed this civil rights action while he was incarcerated at the Polk Correctional Institution. He names as Defendants: Nelson Scott Rich and John Gangluff, two of the Plaintiff's former roommates. [Doc. 1]. For relief, the Plaintiff seeks the return of certain personal property that he left at the residence when he was arrested for stealing from one of his roommates. [Id. at 5].

II. **STANDARD OF REVIEW**

Because the Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the

grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

The Plaintiff filed the Complaint using a civil rights form, which is used for asserting claims against defendants acting under color of state law pursuant to 42 U.S.C. § 1983 or claims against federal agents pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The named Defendants, however, appear to be private

citizens. The Plaintiff fails to make any plausible allegation that either Defendant is a state, local, or federal official; that either Defendant acted under the color of the law; or that either Defendant deprived him of any rights under the constitution or federal law. Instead, this appears to be a simple property dispute among North Carolina residents, for which this Court lacks any subject matter jurisdiction under 28 U.S.C. § 1331 or § 1332.

In sum, the Plaintiff has failed to state any plausible claim pursuant to § 1983 or Bivens, and the Court does not appear to have any subject matter jurisdiction over this action. Therefore, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed: August 2, 2021

Martin Reidinger
Chief United States District Judge